PAUL DEWING &·others *vs.* CONGREGATIONAL SOCIETY OF THE NORTH PARISH OF WILBRAHAM.

The proprietors of a church made a contract in writing with a master builder to rebuild the church for a gross sum, " the contractor to perform all labor and to furnish all the materials." *Held*, that workmen employed by the contractor to work upon the building, or at the contractor's shop for the building, were entitled to a lien upon the building, under *St.* 1855, c. 431.

Other workmen, summoned in pending a petition to enforce a mechanic's lien, have the same rights as if they had filed separate petitions at the same time as this one.

PAUL DEWING on the 24th of March 1857 inserted in a writ returnable to the police court of Springfield, according to *St.* 1855, *c.* 431, § 5, a petition to enforce a lien upon a meeting house and land in Wilbraham, for labor performed from the 22d of December 1856 to the 7th of January 1857.

After the entry of this petition an order of notice was issued to other persons claiming like liens, and they came in and filed

similar petitions on the 26th of May 1857, claiming liens for work which ceased in January or February 1857.

The police court gave judgment for the petitioners, and the respondents appealed to the court of common pleas, where the whole matter was referred to an auditor, who reported the amount due to each petitioner, and the case was submitted to the decision of that court upon a statement of facts, which stated the dates of the proceedings, and the residue of which was as follows :

" The respondents are the owners of the property upon which it is sought to enforce the lien. The church was rebuilt in 1856-7, by the society, and they by their committee made a written contract with William G. Emerson, a master builder, to rebuild the same for a gross sum, 'the contractor to perform all labor, of whatever kind required, and to furnish all the materials, of whatever name or kind, to complete the building finally and fully according to the true and evident meaning of the foregoing stipulations and the accompanying plans.' Said Emerson employed Paul Dewing and the other petitioners to work either upon the church building in Wilbraham or upon work for the church at Emerson's shop in Springfield ; said Emerson paying them therefor as he saw fit and they and he agreed. No contract was made between the respondents and either of the petitioners personally for any labor or sum. Each of the petitioners recorded his claim within thirty days after ceasing to labor. The amount due each for his labor and service is agreed to be the amount respectively found for each by the auditor."

*Mellen,* C. J. gave judgment for the respondents, and the petitioners appealed.

*F. Chamberlin,* for the petitioners.

*W. L. Burt,* for the respondents.

METCALF, J. We cannot distinguish this case from that of *Parker* v. *Bell,* 7 Gray, 429.

Those who had claims that were seasonably recorded, and that were not barred at the time when Dewing's petition was entered, were rightly summoned in, and have the same remedies as if each of them had seasonably filed his separate petition.

*Judgment for the petitioners*